```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>KAREN RIVERA-FIGUEROA,<br><br>**Defendant.** | CRIM. NO. 16-591-50 (RAM) |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Defendant Karen Rivera-Figueroa's ("Defendant Rivera") *Motion to amend sentence pursuant to 18 U.S.C. 3582(B)(2), 28 U.S.C. 994 retroactive guideline amendment 821 of November 1, 2023, 18 U.S.C. 3582(c)(1)(A) for compassionate release based on caretaker or caregiver and medical conditions* ("*Motion for Compassionate Release*"). (Docket No. 3404). For the reasons set forth below, the request for compassionate release is **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On September 23, 2016, Defendant Rivera was indicted alongside seventy-one other individuals for her participation in a conspiracy to distribute various controlled substances at a San Juan housing project. (Docket No. 3). On August 28, 2023, Defendant Rivera entered into a *Plea Agreement* where she pled guilty to one count of conspiracy to possess with intent to distribute controlled

substances within 1,000 feet of a protected location, pursuant to 21 U.S.C. §§ 841(a)(1), 846, and 860. (Docket Nos. 3064 at 1-2 and 3338). Under the terms of the agreement, the parties recommended a term of thirty-six months' imprisonment to the Court. Id. at 5. On June 4, 2024, the Court sentenced Defendant Rivera to a twenty-month term of imprisonment, which was a downward variance from the applicable Guidelines sentencing range. (Docket Nos. 3337; 3338 and 3347). The Court imposed the downward variance due to Defendant Rivera's traumatic upbringing, age, pre-sentence rehabilitation, status as a non-violent defender, and her family ties and responsibilities. (Docket No. 3347 at 3-4).

On September 25, 2024, Defendant Rivera filed a *Motion for Compassionate Release*. (Docket No. 3404). Defendant Rivera claims there are extraordinary and compelling reasons for her release because her daughter has been diagnosed with chronic bi-polar disorder and schizophrenia. Id. at 1. Defendant Rivera also claims that the family circumstances related to her daughter's care have worsened her medical conditions, which include diabetes, high blood pressure, migraines, and asthma. Id.

On October 11, 2024, the Government filed its *Opposition to Defendant's Motion* (the "*Opposition*"). (Docket No. 3412). The Government asserts that Defendant Rivera failed to exhaust administrative remedies with the Bureau of Prisons ("BOP"), and that she has not identified an "extraordinary and compelling"

reason warranting compassionate release. Id. at 6-8. On December 6, 2024, Defendant Rivera filed a *Response*. (Docket No. 3449). She argues that she exhausted her administrative remedies and is the only individual who can properly take care of her daughter, whose medical needs have burdened Defendant Rivera's family. Id. at 1.

## II.   LEGAL STANDARD

Ordinarily, a court may not modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582. However, it may grant compassionate release to a defendant subject to certain requirements. 18 U.S.C. § 3582(c)(1)(A).

Pursuant to § 3582(c)(1)(A), a court may not modify a final sentence unless a defendant has "fully exhausted all administrative rights to appeal a failure of" the BOP to bring a motion for reduction of sentence on his behalf or if thirty days have elapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Id. Even if these conditions are met, the district court must consider "the factors set forth in § 3553(a) to the extent that they are applicable," and there **must still be** "extraordinary and compelling reasons" warranting the proposed reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also* United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021) (providing general principles for evaluating compassionate release motions). The defendant bears the burden of establishing that extraordinary and compelling reasons exist, that he is no longer

a danger to the community, and that the § 3553(a) factors favor release. United States v. Galiany-Cruz, 2023 WL 6458535, at *1 (1st Cir. 2023); United States v. Miranda-Rojas, 2023 WL 7181650, at *1 (1st Cir. 2023).

The United States Sentencing Commission's ("USSC") policy statement on motions for compassionate release initiated by prisoners provides further direction. See U.S.S.G. § 1B1.13. Following the USSC's guidance, "district courts addressing such motions not only will be bound by the statutory criteria but also will be required to ensure that their determinations of extraordinary and compelling reasons are consistent with that guidance." United States v. Ruvulcaba, 26 F.4th 14, 23-24 (1st Cir. 2022). The First Circuit expects district courts to consider this policy statement when deciding motions for compassionate release. See United States v. Rivera-Rodríguez, 75 F.4th 1, 18 n.22 (1st Cir. 2023).

The policy statement outlines six circumstances that individually or in combination may constitute extraordinary and compelling reasons warranting relief: (1) the defendant's medical circumstances; (2) the defendant's age; (3) the defendant's family circumstances; (4) whether defendant was a victim of abuse while incarcerated; (5) "other reasons" similar in gravity to the preceding four reasons; and (6) whether the defendant received an unusually long sentence. U.S.S.G. § 1B1.13(b). The Guidelines do

not require that an extraordinary and compelling reason was "unforeseen" at the time of sentencing to warrant a sentence reduction. U.S.S.G. § 1B1.13(e). Additionally, a court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(a)(2).

### III.  ANALYSIS

As a threshold matter, it appears that Defendant Rivera has satisfied the administrative exhaustion requirement of § 3582(c)(1)(A). Her *Response* states that her request to the BOP for a sentence reduction has gone unanswered for more than thirty days. (Docket Nos. 3449 and 3449-1 at 52-53). The Court therefore proceeds to evaluate the merits of the *Motion for Compassionate Release*. *See* United States v. Quirós-Morales, 83 F.4th 79, 84 (1st Cir. 2023); United States v. Texeira-Nieves, 23 F.4th 48, 53 (1st Cir. 2022) (holding the administrative exhaustion requirement is a "non-jurisdictional claim-processing rule").

The Court denies Defendant Rivera's *Motion for Compassionate Release* for two reasons. First, she fails to present extraordinary and compelling circumstances that would justify release. Second, the balance of the 18 U.S.C. § 3553(a) factors disfavor Defendant Rivera's *Motion for Compassionate Release*. The Court does not decide whether Defendant Rivera poses a danger to the community.

**A. Defendant Rivera fails to present extraordinary and compelling circumstances to justify her release.**

Defendant Rivera offers her physical and medical conditions and her daughter's need for a caretaker as justification for compassionate release. *See* U.S.S.G. § 1B1.13(b); 18 U.S.C. § 3582(c)(1)(A)(i). The Court does not find these conditions to be "extraordinary and compelling" under § 1B1.13(b).

> i. *Defendant Rivera's medical circumstances do not satisfy § 1B1.13(b)(1)*

Defendant Rivera asserts that she is diabetic, with "high blood pressure, severe migraines, [and] asthma that causes her shortness of breath." (Docket No. 3404 at 1). Worrying about her daughter's health has impacted her mental health, causing Defendant Rivera additional anxiety. Id. In support of her claims, Defendant Rivera submitted recent medical records that state she has been diagnosed with over a dozen medical conditions and has been prescribed various medications for her ailments. (Docket No. 3404-1 at 1-4). As Defendant Rivera's *Motion* emphasizes her diabetes, high blood pressure, migraines, and asthma, the Court focuses on these conditions when evaluating her *Motion for Compassionate Release*. (Docket No. 3404).

Compassionate release "due solely to a medical condition" is "'an extraordinary and rare event' granted only in cases of notable severity." United States v. Rivera-Vazquez, 2024 WL 4601338, at *4 (D.P.R. 2024). While Defendant Rivera lists her ailments and is

concerned her condition will decline further, she does not indicate that she is suffering from a terminal illness, that she is receiving inadequate care within the BOP that leaves her unable to care for herself, or that her incarceration otherwise puts her health at risk. (Docket Nos. 3404 and 3449). If anything, the medical records Defendant Rivera submits indicates she is receiving proper and timely treatment from BOP medical staff. (Docket No. 3404-1). Section 1B1.13(b)(1) requires more. *See* Saccoccia, 10 F.4th at 5 ("not every complex of health concerns is sufficient to warrant compassionate release".).

   *ii. Defendant Rivera's family circumstances do not satisfy § 1B1.13(b)(3)(A)*

Defendant Rivera's daughter has been diagnosed with bipolar disorder resulting in manic episodes and psychotic behavior. (Docket No. 3449-2 at 6). Defendant Rivera also claims her daughter has schizophrenia, although proof of this diagnosis is not shown in the medical records submitted to the Court. (Docket Nos. 3404; 3404-1; 3404-2; 3449; 3449-1 and 3449-2). Defendant Rivera's daughter has previously been taken care of by her husband and other daughter, who is twenty years old. (Docket No. 3449).

Ultimately, Defendant Rivera's circumstances do not satisfy § 1B1.13(b)(3)(A). Under the Guidelines, extraordinary and compelling reasons may exist when: (i) a defendant's adult child is "incapable of self-care" because of a mental disability or

medical condition; and (ii) the child's caregiver is dead or incapacitated. U.S.S.G. § 1B1.13(b)(3)(A). The Court does not doubt that Defendant Rivera's daughter suffers from a medical condition that leaves her incapable of self-care. (Docket Nos. 3404 and 3449). However, the exhibits provided by Defendant Rivera show that her husband and second daughter are currently caregivers for Defendant Rivera's daughter. (Docket Nos. 3404-1; 3404-2; 3449-1 and 3449-2). Defendant Rivera attaches various communications from her family members which, in Spanish, detail their frustration and exhaustion caring for her daughter. (Docket Nos. 3449-1 and 3449-2). However, neither Defendant's husband nor second daughter are dead or incapacitated, failing to meet the standard articulated at § 1B1.13(b)(3)(A).

Section 1B1.13(b) does not contemplate convenience to a defendant's family as grounds for compassionate release. Although her release may benefit her family, Defendant Rivera fails to establish that she is the only suitable caretaker who can help her daughter with daily medications and ensure she visits her mental health clinic. (Docket No. 3449 at 2). As additional caretakers exist and have been caring for Defendant Rivera's daughter, she cannot satisfy the requirements of the USSC's policy statements. *See* United States v. White, 2023 WL 5510306, at *3 (E.D. Va. 2023) (denying compassionate release to defendant whose daughter had a recent suicide attempt but whose mother could serve as caretaker).

In sum, the Court concludes that Defendant Rivera has not provided extraordinary and compelling reasons justifying compassionate release. U.S.S.G. § 1B1.13(b).

### B. Defendant Rivera failed to show that § 3553 factors warrant her release.

The Court need only consider the § 3553(a) factors if it has found an extraordinary and compelling reason justifying release, although providing this analysis can aid a reviewing court. *See* Saccoccia, 10 F.4th at 8. Each factor does not need to be "tick[ed] off" by a district court, and it is presumed that factors "not specifically mentioned were simply unpersuasive." Id. at 10 (citation omitted). Of relevance in this case given the parties' submissions are the nature and circumstances of the offense, the history and characteristics of the defendant, and the sentence imposed. *See* 18 U.S.C. § 3553(a)(1)-(2).

   *i.  Nature and circumstances of the offense*

Defendant Rivera was convicted of one count of conspiracy to possess with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860. (Docket Nos. 3 and 3064). Specifically, as detailed in her *PSR*, she sold drugs for a drug trafficking organization and was accountable for the drug proceeds and the narcotics sold at the drug distribution points. (Docket No. 3132 at 7).

Regarding her history and characteristics, Defendant Rivera did not have a criminal history prior to her arrest and accepted responsibility for her actions involving the offense. However, she previously used marijuana, Xanax, and cocaine. Id. ¶ 113. In assessing the nature and circumstances of the offense, the offense's seriousness disfavors compassionate release. Defendant Rivera was part of a criminal conspiracy involving over seventy people and aimed at distributing significant amounts of controlled substances including cocaine, heroin, Oxycodone, and Alprazolam. Id. ¶ 2. These activities took place within one thousand feet of a public housing authority, playground, and school. Id. The sale and use of controlled substances is a serious social issue, and although Defendant Rivera's actual role may have been limited, the larger conspiracy she was part of harmed her community. Id. ¶ 29.

    *ii. The sentence imposed*

The total offense level was determined by the parties to be nineteen, which results in thirty to thirty-seven months in prison. (Docket No. 2123 at 7-8). Here, the Court sentenced Defendant to a twenty-month prison sentence, ten months less than the lower end of the applicable guideline range of thirty months, and sixteen months less than was requested in her *Plea Agreement*. (Docket Nos. 3064 at 5 and 3338). Defendant has served almost eight months in

prison, which equates to less than fifty percent of her sentence.[1] *Cf* United States v. Daham, 2021 WL 279971, at *4 (D.Me. 2021) (granting compassionate release when the defendant had two months remaining on a three-year sentence). Furthermore, her imprisonment results from activities in a criminal conspiracy that was active for at least four years and demonstrated a clear disregard for the law and the well-being of others. (Docket No. 3132 ¶ 15). Granting compassionate release would undermine the seriousness of his offenses, fail to promote respect for the law, and not provide just punishment for her offense. *See* 18 U.S.C. § 3553 (a)(2). Simply put, the § 3553 factors weigh against release.

## IV. CONCLUSION

For the foregoing reasons, Defendant Karen Rivera-Figueroa's *Motion to amend sentence pursuant to 18 U.S.C. 3582(B)(2), 28 U.S.C. 994 retroactive guideline amendment 821 of November 1, 2023, 18 U.S.C. 3582(c)(1)(A) for compassionate release based on caretaker or caregiver and medical conditions* at Docket No. 3404 is hereby **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of January 2025.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE

---

[1] Defendant has a statutory released date of September 29, 2025. Find an inmate., Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited January 23, 2025).